904 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OGLESBY CONSTRUCTION, INC.; Mason P. Oglesby, Plaintiffs-Appellants,
v.
Samuel K. SKINNER, Secretary of the U.S. Department of
Transportation, et al., Defendants-Appellees.
 Nos. 88-4012, 89-3397 and 89-3753.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1990.
 
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 The Ohio Department of Transportation (ODOT) sought to decertify appellant Mason Oglesby, a black male, and his business, Oglesby Construction (collectively, Oglesby), as a disadvantaged business enterprise (DBE), contending that he exceeded a statutory revenue ceiling for continued participation in the DBE program. Oglesby requested a preliminary injunction in district court against the ODOT and the United States Department of Transportation (USDOT), and officials of these agencies, to prevent the ODOT from continuing with its decertification process and to force the USDOT to review his certification status. Oglesby also requested a declaratory judgment that the USDOT's refusal to consider exceptions to the $14 million ceiling violated the Surface Transportation Assistance Act of 1982 (STAA) and the United States Constitution. The district court denied Oglesby's request for a preliminary injunction, and Oglesby appeals this denial.
 
 
 2
 The ODOT decertified Oglesby, and Oglesby then sued the ODOT in state court, claiming that the ODOT hearing process violated his right to due process. The state court granted summary judgment to the ODOT on this issue. Oglesby then filed a supplemental complaint in district court, arguing that the ODOT hearing process violated his right to due process. The district court granted judgment in favor of the ODOT, contending that it was precluded by the state court judgment. Oglesby appeals this judgment.
 
 
 3
 The district court also granted judgment in favor of the USDOT, holding that the Secretary of Transportation had no authority to adjust the decertification ceiling, and that the court had no jurisdiction over the USDOT because Oglesby had failed to exercise his right to appeal the ODOT determination to the USDOT. Oglesby appeals these judgments. We affirm all three judgments of the district court.
 
 
 4
 * Under the STAA, the USDOT requires all state departments of transportation, including the ODOT, to encourage the development of DBEs when constructing highway projects funded by the federal government. In relevant part, the STAA provides that:
 
 
 5
 Except to the extent that the Secretary determines otherwise, not less than 10 per centum of the amounts authorized to be appropriated under this Act shall be expended with small business concerns owned and controlled by socially and economically disadvantaged individuals as defined by section 8(d) of the Small Business Act (15 U.S.C. section 627(d)) and relevant subcontracting regulations promulgated pursuant thereto.
 
 
 6
 Section 105(f), STAA (emphasis added).
 
 
 7
 In 1987, Congress amended the STAA by passing the Surface Transportation and Uniform Relocation Assistance Act ("STURAA"). This STAA was amended to read, in relevant part:
 
 
 8
 Except to the extent that the Secretary determines otherwise, not less than 10 percent of the amounts authorized to be appropriated under Titles I and III of this Act or obligated under Titles I, II and III (other than section 203) of the Surface Transportation Assistance Act of 1982 after the date of enactment of the Act shall be expended with small business concerns owned and controlled by socially and economically disadvantaged individuals.
 
 
 9
 Section 106(c)(1), STURAA (emphasis added). Under the STURAA, a "small business concern" could not have, among other things, "average annual gross receipts over the preceding 3 fiscal years in excess of $14,000,000, as adjusted by the Secretary for inflation." Id. at section 106(c)(2). Federal regulations promulgated under the STURAA indicate that "[DBE] firms should 'graduate' from the program once their average annual receipts reached $14 million." 49 C.F.R. Pt. 23, Subpt. D., App. A.
 
 
 10
 States are responsible for certifying businesses as DBEs. 49 C.F.R. Sec. 23.51(a). If certified, a DBE must apply annually for recertification. 49 C.F.R. Sec. 23.53(f). A DBE may be decertified by two methods. First, a DBE may be decertified by a state DOT if it is found not eligible for certification during an annual review. See 49 C.F.R. Sec. 23.51. Second, a third party may file a complaint with a state DOT contending that the DBE should not continue to be certified. 49 C.F.R. Sec. 23.69(b).
 
 
 11
 Under either method of decertification, the alleged DBE ultimately has a right to appeal a decertification to the USDOT. 49 C.F.R. Sec. 23.55; 49 C.F.R. Sec. 23.69(c). The USDOT may also review state certification determinations on its own initiative or in response to information supplied by third parties. 49 C.F.R. Sec. 23.55. The USDOT merely investigates the allegations of third-party complaints, but has no duty to decertify any businesses itself. Id. If a business is not satisfied with the USDOT's final decision, it may seek review in a district court. 5 U.S.C. Sec. 702.
 
 
 12
 Appellant Oglesby had been certified as a DBE in Ohio and approximately thirteen other states. In June 1988, Oglesby submitted its application for recertification to the ODOT. In August 1988, the ODOT conducted a review of Oglesby's status as a DBE under 49 C.F.R. Sec. 23.53(f). Pursuant to this review, Oglesby was decertified as a DBE on the basis that his earnings had admittedly averaged more than $14 million in fiscal years 1985, 1986, and 1987. 49 C.F.R. Pt. 23, Subpt. D., App. A. Thus, he could not be considered a "small business concern," and was not eligible to be considered a DBE.
 
 
 13
 On September 21, 1988, Oglesby requested a decertification hearing with the ODOT pursuant to Ohio Admin.Code Sec. 5501:5-1-04, et seq. ODOT administrative procedures provide for a stay of decertification pending a final decision after the administrative hearing. The ODOT scheduled a hearing on this question for October 4, 1988. On September 27, 1988, Oglesby asked the ODOT to hold the hearing in abeyance until the USDOT could hold a hearing on the identical question. The ODOT refused.
 
 
 14
 On September 30, 1988, Oglesby sought injunctive, declaratory and monetary relief in the United States District Court for the Northern District of Ohio, seeking to remain certified as a DBE under both Ohio and federal law. He sought to prevent the ODOT from holding its hearing, and to force the USDOT to hold a hearing.[1]
 
 
 15
 Oglesby argued that the language of the STURAA, "[e]xcept to the extent that the Secretary determines otherwise," section 106(c)(1), refers to all provisions of that section, including the $14 million certification ceiling, and not merely the 10% set-aside requirement. Thus, Oglesby argued, the $14 million ceiling of the STURAA does not operate as a per se bar to certification.
 
 
 16
 He asked for a declaratory judgment that the USDOT's failure to consider exceptions to the $14 million ceiling violated the STAA. Oglesby contended that the Secretary of Transportation had the authority to certify a business as a DBE, despite the fact that such a business exceeded the $14 million ceiling. Oglesby stated that the USDOT's failure to provide him with a hearing prior to the ODOT decertification denied him the right to request that such an exception be made in his case due to "special circumstances."
 
 
 17
 The USDOT argued that this language applied solely to the 10% set-aside requirement. Further, the USDOT argued that the ODOT first had to hold a hearing and make an administrative decision before the USDOT could hold a hearing under 49 C.F.R. Sec. 23.55 to review Oglesby's certification status in Ohio. The USDOT and the ODOT also argued that Oglesby failed to exhaust its administrative remedies, and that the ODOT decertification hearing provided an adequate remedy at law.
 
 
 18
 On October 20, 1988, the USDOT filed a motion to dismiss it from the case, contending that because Oglesby failed to exhaust its administrative remedies by filing an appeal to the USDOT, the federal court had no jurisdiction over it. The district court refused to issue the preliminary injunction on October 21, 1988. The court noted that Oglesby failed to exhaust its administrative remedies, and did not have a substantial likelihood of success on the merits because the $14 million ceiling operated as a per se bar to certification. Oglesby appealed from the denial of this preliminary injunction.
 
 
 19
 The ODOT held an administrative hearing on Oglesby's certification on October 24, 1988. At the hearing, Oglesby stipulated that his average gross revenues over the past three years exceeded $14 million. According to Oglesby, the only evidence the hearing officer permitted to be introduced was that concerning its gross revenues.
 
 
 20
 On November 7, 1988, the ODOT hearing officer found that Oglesby exceeded an annual gross revenue of $14 million for the past three years; thus, the hearing officer decertified Oglesby as a DBE. Oglesby appealed that decision to the director of the ODOT, who affirmed it on November 21. Under 49 C.F.R. Sec. 23.55, Oglesby had a right to appeal this decision to the USDOT, but he has not done so.
 
 
 21
 Oglesby filed an action on December 6, 1988, in the Court of Common Pleas for Huron County, Ohio, requesting an order under O.R.C. Sec. 119.12 suspending operation of the ODOT decertification order. Oglesby claimed that the ODOT decertification process denied his rights to due process because the ODOT refused to consider exceptions to the $14 million STURAA ceiling. The ODOT filed a motion to dismiss.
 
 
 22
 On December 19, 1988, Oglesby filed a motion for summary judgment in district court as to both the USDOT and the ODOT. He sought a declaratory judgment that the use of the $14 million STURAA ceiling as a per se bar to certification was unconstitutional. He further requested a declaratory judgment that appeal to the USDOT from a state decertification without having that decertification stayed was not an adequate remedy at law.
 
 
 23
 On February 9, 1989, the common pleas court found that the ODOT hearing officer had not violated Oglesby's right to due process. The state court issued its order on February 21. Oglesby did not appeal this decision.
 
 
 24
 On April 6, Oglesby filed a supplemental complaint in the district court, describing the ODOT decertification process and contending that the ODOT had interpreted the STAA in an unconstitutional manner. He argued that the ODOT decertification process violated his right to due process. Oglesby requested a declaratory judgment that the ODOT's interpretation of the STAA (as amended by the STURAA) is unconstitutional and sought compensatory damages for the loss of certification.
 
 
 25
 On April 12, 1989, the district court granted the USDOT's motion to dismiss. The district court held that the Secretary had no authority to adjust the $14 million STURAA ceiling. The district court also held that it had no subject matter jurisdiction over the USDOT because Oglesby failed to exhaust his administrative remedies, namely the appeal of the ODOT decertification to the USDOT under 49 C.F.R. Sec. 23.55(a). Oglesby appealed this decision.
 
 
 26
 On May 16, 1989, the ODOT filed a motion to dismiss it from the case, contending that any complaints about the constitutionality of the ODOT hearing were resolved by the Huron County Court of Common Pleas. On July 31, 1989, the district court granted the ODOT's motion to dismiss, contending that the state court judgment was binding on the issue of the due process provided to Oglesby by the ODOT. Oglesby also appealed this decision. Oglesby's appeals from the denial of a preliminary injunction and the grant of summary judgment to the USDOT and the ODOT have been consolidated.
 
 II
 
 27
 On appeal, Oglesby argues that the district court abused its discretion by not granting him a preliminary injunction. In particular, he contends that the $14 million STURAA ceiling is not a per se bar to certification, and thus he had a substantial likelihood of success on the merits; that the ODOT hearing and appeal to the USDOT provided an inadequate remedy at law; and that appeal to the USDOT was futile, and thus he was not required to exhaust its administrative remedies. Oglesby needs to prevail on each point to justify reversal of the district court's denial of a preliminary injunction.
 
 
 28
 As to the first point, we find no support for Oglesby's proposition that the $14 million STURAA ceiling is not per se bar to certification. Oglesby argues that the "[e]xcept to the extent that the Secretary determines otherwise" language in section 106(c)(1) provides a basis for waiver and exemption of the ceiling, a basis which the Secretary must consider. Fullilove v. Klutznick, 448 U.S. 448, 487 (1980). However, we find that this language clearly applies only to the 10% set-aside requirement for DBE programs. Thus, he had little likelihood of success on the merits.
 
 
 29
 We find unpersuasive Oglesby's argument that enforcement of the $14 million ceiling violates equal protection. Although Oglesby argues that only minorities are decertified from the program by this ceiling (suggesting the need for strict scrutiny review), it must be remembered that only minorities are certified in the first place; thus, we do not believe that this income ceiling classifies on the basis of race. The $14 million ceiling is a classification on the basis of income or wealth; such classifications, however, do not create a suspect class. Maher v. Roe, 432 U.S. 464, 470-71 (1977). Accordingly, we must only determine whether the ceiling bears some rational relationship to the legitimate governmental interest of promoting minority businesses. See San Antonio Independent School District v. Rodriquez, 411 U.S. 1, 40 (1973). We find that this $14 million ceiling does, and thus find that enforcement of it does not violate equal protection.
 
 
 30
 As to the second point, Oglesby argues that the ODOT decertification process does not provide an adequate remedy at law. However, we find no reason to believe that it does not. The ODOT could not decertify Oglesby until it gave him a hearing. The Ohio Administrative Code, Sec. 5501:5-1-04, et seq., allows Oglesby to subpoena and cross-examine witnesses. The Ohio Administrative Code also allows appeal of an adverse determination to the USDOT. Ohio Admin.Code. Sec. 5501:5-1-04(F). We find that these procedures provide an adequate remedy at law.
 
 
 31
 As to the third point, Oglesby contends that he does not have to exhaust his administrative remedies by requesting USDOT review of the ODOT decertification prior to court action,
 
 
 32
 when the challenged agency action presents a clear and unambiguous violation of statutory or constitutional rights, when resort to administrative procedures is "clearly shown to be inadequate to prevent irreparable injury," or when exhaustion is "futile."
 
 
 33
 Facchiano v. U.S. Department of Labor, 859 F.2d 1163, 1167-68 (3rd Cir.1988) (citations omitted). Courts have recognized a property right in DBE certification. See Baja Contractors, Inc. v. City of Chicago, 830 F.2d 667, 676-77 (7th Cir.1987).
 
 
 34
 We note that at least one court has found the USDOT appeal process to be futile. Baja Contractors, Inc. v. City of Chicago, 830 F.2d 667, 675 n. 7 (7th Cir.1987). However, that finding was dicta, and is distinguishable from the present case. In Baja, the plaintiff appealed a decertification order to the USDOT; the USDOT took no action. In this case, unlike Baja, Oglesby has not even appealed the ODOT decision to the USDOT.
 
 
 35
 Thus, in Baja, the USDOT inaction cited by the court as a basis for its finding of futility was real; in this case, it is merely speculative. An instance of alleged agency inaction in the past cannot serve as the basis for an allegation of futility in the future. Accordingly, we uphold the district court's denial of Oglesby's motion for a preliminary injunction.
 
 III
 
 36
 On appeal, Oglesby argues that the district court erred in granting summary judgment to the ODOT and the USDOT because the $14 million STURAA ceiling is not a per se bar to certification. He also argues that the district court erred in granting summary judgment to the ODOT, because the ODOT hearing procedure violated his right to due process.
 
 
 37
 As to Oglesby's first contention, that the $14 million STURAA ceiling is not a per se bar to certification, we have already addressed this issue in Section II of this opinion. As we stated there, we find that this ceiling does act as a bar to his certification.
 
 
 38
 As to his second contention, Oglesby brought suit in the Huron County Common Pleas Court contending that the ODOT decertification process violated his right to due process. The common pleas court found that, among other things, the ODOT procedure did not violate Oglesby's right to due process.
 
 
 39
 After this unfavorable ruling, Oglesby presented the same argument to the district court. The district court refused to consider the question of whether the ODOT decertification process violated Oglesby's right to due process because the Huron County Common Pleas Court had already considered that question. We agree that Oglesby is estopped from raising the same question in district court.
 
 
 40
 Oglesby specifically raised the due process issue in the common pleas court, and the common pleas court specifically ruled that the ODOT decertification process did not violate Oglesby's right to due process. Accordingly, we are bound by the full faith and credit clause to uphold the state court determination. 28 U.S.C. Sec. 1788; Migra v. Warren City School Dist. Bd. of Ed., et al., 465 U.S. 75, 81 (1984).
 
 
 41
 Finding no merit in Oglesby's arguments, we affirm the judgments of the district court.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In February 1988, a non-DBE competitor of Oglesby filed complaints with North Carolina, South Carolina, and Georgia and the USDOT, claiming that, because of the size of Oglesby's revenues, Oglesby should not be considered a DBE. See 49 C.F.R. Sec. 23.69(b). On May 19, 1988, Oglesby asked the USDOT to schedule a hearing. The USDOT never scheduled a hearing